Not For Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | | | |
|---|---|---|---|
| IN RE: | ) | CASE NO. | 02-32865 (LMW) |
| KENNETH R. BIEBEL and<br>ANN M. BIEBEL, | ) | CHAPTER | 7 |
| DEBTORS. | ) | | |
| BARBARA H. KATZ, TRUSTEE, | ) | ADV. PRO NO. | 08-3115 |
| PLAINTIFF | ) | ECF NOS. | 213, 249 |
| vs. | ) | | |
| JOHN C. KUCEJ, | ) | | |
| DEFENDANT. | ) | | |

**APPEARANCES**

| | |
|---|---|
| Christopher L. Brigham, Esq.<br>Daniel B. Fitzgerald, Esq.<br>Updike, Kelly & Spellacy, P.C.<br>One Century Tower<br>265 Church Street, 10th Floor<br>New Haven, CT  06510 | Attorneys for Barbara H. Katz, Esq.,<br>Chapter 7 Trustee/Plaintiff |
| John C. Kucej, Esq.<br>95 North Main Street<br>Waterbury, CT  06702 | *Pro Se* Defendant |
| Michael T. Voytek, Esq.<br>95 North Main Street<br>Waterbury, CT  06702 | Purported Attorney for John C. Kucej,<br>Esq., Defendant[1] |

---

[1] From time to time Attorney Voytek has filed paper(s) and/or participated in hearings on behalf of Attorney Kucej in the above-referenced adversary proceeding (the "Adversary Proceeding"), but he has not filed a notice of appearance in the Adversary Proceeding. *Cf.* LBR 9010-1(b) (requiring the filing of notices of appearance in adversary proceedings).

| | |
|---|---|
| Steven E. Mackey, Esq.<br>Office of the United States Trustee<br>Giaimo Federal Building<br>150 Court Street, Room 302<br>New Haven, CT 06510 | Attorney for the United States Trustee |

**BRIEF MEMORANDUM OF DECISION AND ORDER OF RECUSAL**
**WITH RESPECT TO ADVERSARY PROCEEDING AND CHAPTER 7 CASE**

Lorraine Murphy Weil, Chief United States Bankruptcy Judge

**I.    BACKGROUND**

**WHEREAS,** much of the relevant background is set forth in *Katz v. Kucej (In re Biebel)*, No. 08-3115, 2009 WL 1451637 (Bankr. D. Conn. May 20, 2009) (the "2009 Decision").  Familiarity with the 2009 Decision is assumed and the 2009 Decision is deemed incorporated herein as if fully set forth.  Capitalized terms used but not defined herein have the same meanings ascribed to the same in the 2009 Decision;[2]

**WHEREAS,** on September 3, 2010, the above-referenced defendant ("Attorney Kucej") filed a motion for the undersigned to recuse herself from the Adversary Proceeding.  On September 13, 2010, the court issued an order (ECF No. 219)[3] requiring Attorney Kucej to file a supplement to the original

---

[2]    There are other developments with respect to the Adversary Proceeding (including both appellate developments in the District Court and developments in Connecticut Superior Court) that are not discussed herein because the court deems them to be irrelevant to the Recusal Motion (as hereafter defined).

[3]    References herein to the docket of the Adversary Proceeding appear in the following form: "ECF No. __."  References herein to the docket of the above-referenced Chapter 7 case appear in the following form "Case ECF No. __."

recusal motion (because such original motion lacked specificity). On November 19, 2010, Attorney Kucej filed a supplement (ECF No. 249) to his original motion;[4]

**WHEREAS,** the Recusal Motion came on for an evidentiary hearing (the "Hearing") on November 29, 2010. Attorney Kucej did not personally appear at the Hearing, but a somewhat confused Attorney Voytek purported to appear for Attorney Kucej and requested a continuance and a waiver of transcript fees. (*See* Oral Record of 11/29/2010 Hearing at 2:12:20 *et seq.*; *cf.* ECF No. 250 ("Order Denying Motions To Continue and Scheduling Supplement to Motion To Recuse for a Hearing on November 29, 2010 at 2:00 P.M.").) At the Hearing, the court denied the oral motion to continue and oral motion for waiver of transcript fees but took the Recusal Motion "on the papers" and "under advisement." (*See* Oral Record of 11/29/2010 Hearing at 2:15:00 *et seq.*);[5]

## II.  OTHER FACTS

**WHEREAS,** on August 5, 2003, the court issued that certain Revised Order To Show Cause Why Attorney's Fees Should Not Be Disgorged in the Biebels' Case (Case ECF No. 39, the "OTSC") which provided in relevant part as follows:

> Pursuant to this court's power under 11 U.S.C. § 329 to examine a debtor's transactions with his attorneys, it is hereby
>
> **ORDERED** that the above-referenced debtors' (the "Debtors") attorney of record, John C. Kucej, Esq. appear at a hearing . . . on August 20, 2003 at 3:00 p.m. at the United States Bankruptcy Court, Connecticut Financial Center, 157 Church Street, 17th Floor, New Haven, Connecticut, to show cause why he should not be required to disgorge any fees paid (or agreed to be paid) by the Debtors to him with respect to this case . . . .

---

[4]    ECF No. 249 incorporates ECF No. 248 by reference. ECF No. 213, as supplemented by ECF No. 249, hereafter is referred to as the "Recusal Motion."

[5]    Various matters in the Adversary Proceeding have been continued without date pending a decision on the Recusal Motion. Similarly continued are Case ECF Nos. 98, 99, 104 and 105.

(ECF No. 39.);[6]

**WHEREAS,** the OTSC ultimately came on for a hearing on October 8, 2003. At that hearing, the undersigned said:

> I will tell you that I am terribly troubled by these cases which is why you saw the . . . [OTSC] in the . . . [Biebels' Case] . . . .
>
> And I have some questions as to what kind of a representation the Debtors got, and under section 329 of the Bankruptcy Code I certainly have the authority to look into whether fees paid in this case were reasonable and to order refund of the fees if appropriate.[7]

(Case ECF No. 74 at 4:25 – 5:15.) In addressing the Biebels, the undersigned further said:

> Why . . . did you turn down an offer [from Attorney Kucej] to be defended free of charge [in the objection to discharge proceeding] when . . . at least facially, it appears that

---

[6] Similar orders also were issued in Case No. 02-33194 (the case in respect of Enterprise, the "Enterprise Case") and in Case No. 02-33195 (William's Case).

[7] Section 329 of the Bankruptcy Code provides in relevant part as follows:

(a) Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation.

(b) If such compensation exceeds the reasonable value of any such services, the court may cancel any such agreement, or order the return of any such payment, to the extent excessive, to–

   (1) the estate, if the property transferred–

      (A) would have been property of the estate; or

      (B) was to be paid by or on behalf of the debtor under a plan under chapter 11, 12, or 13 of this title; or

   (2) the entity that made such payment.

11 U.S.C.A. § 329 (West 2010).

perhaps the initial representation was not all that it should be and may have resulted . . . , to some extent, in the denial of discharge problems you're involved in now?

(*Id.* at 10:13-21.) At that hearing the undersigned also critiqued the schedules and statement of affairs filed by Attorney Kucej in the Enterprise Case. (*See* Case ECF No. 74 at 6:1 – 8:9.) At the conclusion of that hearing, the court deferred decision on the OTSC until the discharge objection proceedings against the Biebels (A.P. No. 03-3034) had been adjudicated. (*See id.* at 11:13-19.);

**WHEREAS,** on February 10, 2006, the court issued that certain Further Revised Order To Show Cause Why Attorney's Fees Should Not Be Disgorged (Case ECF No. 49) which restored the OTSC to the court's hearing calendar;

**WHEREAS,** the OTSC came on for a further hearing on March 22, 2006.[8] Attorney Kucej did not appear at that hearing. However, at the hearing the Trustee advised the court: "I received a call from Attorney Schancupp[9] on this matter indicating that Attorney Kucej was willing to disgorge his fees in all of the cases." (Case ECF No. 110 at 3:23 – 4:1.) Based upon the foregoing and without making any findings, the court issued that certain Order Compelling Disgorgement of Fees (Case ECF No. 54) requiring Attorney Kucej to disgorge his fees to the Biebels with respect to the Biebels' Case. Similar orders entered in the Enterprise Case and in William's Case. Attorney Kucej complied with those three orders by disgorging his fees for each of the three cases. (*See, e.g.,* Case ECF No. 56.);

---

[8] As noted in the 2009 Decision, the Biebels' waiver of their respective chapter 7 discharges had been approved by order dated February 13, 2006. (*See* Case ECF No. 51.)

[9] Jennifer L. Schancupp, Esq. filed a notice of appearance for Attorney Kucej in the Biebels' Case on March 22, 2006. (*See* Case ECF No. 53.)

III.  **LAW**

**WHEREAS,** the relevant statute is 28 U.S.C. § 455(a) which states as follows: "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned,"  28 U.S.C.A. § 455(a) (West 2010);

**WHEREAS,** "[w]hether a bankruptcy judge's impartiality might reasonably be questioned depends on whether an objective observer fully informed of the relevant facts would entertain a reasonable doubt regarding the judge's impartiality . . . , "  9 Am. Jur. 2d *Bankruptcy* § 419 (2010) (footnotes omitted);

IV.  **APPLICATION OF LAW TO FACTS**

**WHEREAS,** the court concludes that an impartial observer fully informed of the foregoing facts and circumstances would entertain a reasonable doubt concerning whether the undersigned had prejudged against Attorney Kucej with respect to at least part of the merits (the "Merits") of his claim against the Trustee that she had "manufactured" the alleged malpractice claim against him.  The Adversary Proceeding concerns a determination of the proper venue for Attorney Kucej's claim against the Trustee (*i.e.,* either this court or the Connecticut Superior Court).  Accordingly, and given the above-stated reasonable doubt as to the undersigned's impartiality with respect to the Merits, the undersigned deems it inappropriate for her to participate any further in the Adversary Proceeding or in the Biebels' Case;[10]

---

[10]   As noted above, pending matters in the Biebels' Case now are:  Case ECF No. 98 (Trustee's application for compensation for her special counsel in respect of the two state court malpractice suits against Attorney Kucej); Case ECF No. 99 (Trustee's own fee application and final report); Case ECF No. 104 (Attorney Kucej's objection to each of the foregoing); and Case ECF No. 105 (Attorney Kucej's second objection to Case ECF Nos. 98 and 99).  Attorney Kucej's objection to Case ECF Nos. 98 and 99 relies in substantial part on the Merits.  Accordingly, it is appropriate for the undersigned to recuse herself from the Biebels' Case as well.

## V. CONCLUSION

**NOW, THEREFORE,** for the reasons stated above, it hereby is **ORDERED** that the Recusal Motion is granted to the extent set forth hereinbelow; and it is further

**ORDERED** that the undersigned hereby recuses herself from both the Adversary Proceeding and the Biebels' Case; and it is further

**ORDERED** that the Clerk of Court (in consultation with Hon. Alan H.W. Shiff and Hon. Albert S. Dabrowski, the two other bankruptcy judges for this district) shall reassign the Adversary Proceeding and the Biebels' Case as may be appropriate. The undersigned shall take no part in that decision; and it is further

**ORDERED** that the Clerk's Office shall serve this memorandum and order on the Trustee, counsel for the Trustee, Attorney Kucej, Attorney Voytek and the United States Trustee by this court's CM/ECF system (if applicable, otherwise by first-class mail). A separate order of recusal (consistent with the foregoing) shall issue and be served by the Clerk's Office upon all creditors and parties in interest in the Biebels' Case by this court's CM/ECF system (if applicable, otherwise by first-class mail).

Dated: January 4, 2011                                   BY THE COURT

*Lorraine Murphy Weil*
Lorraine Murphy Weil
Chief United States Bankruptcy Judge